IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARD C. WAFER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1680-B |
| | § | |
| CORSICANA POLICE DEPARTMENT, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Leonard C. Wafer, a Texas prisoner, against the Corsicana Police Department, a Corsicana police detective, and the Navarro County District Attorney. On September 9, 2009, plaintiff tendered a five-page complaint to the district clerk and filed an application to proceed *in forma pauperis.* After reviewing the pleadings, the court determines that plaintiff should not be allowed to proceed *in forma pauperis* because he has filed at least three prior civil actions while incarcerated that were dismissed as frivolous or for failure to state a claim, and he is not "under imminent danger of serious physical injury."

II.

Although his complaint is difficult to decipher, plaintiff appears to allege that defendants gave drugs to his wife, a mentally incompetent crack addict, and used her as an informant in a sting

operation that resulted in his imprisonment. By this suit, plaintiff seeks unspecified damages and injunctive relief.[1]

### A.

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to this "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), the "threat or prison condition [must be] real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), *quoting Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice--the harm must be imminent or occurring at the time the complaint is filed. *Id.* Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury. *See Alpine v. Long*, No. 9-07-CV-234, 2007 WL 3132530 at *3 (E.D. Tex. Oct. 23, 2007). "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, No. 3-06-CV-275-LAC-EMT, 2006 WL 2051307 at *2 (N.D. Fla. Jul. 20, 2006), *citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

### B.

Plaintiff was allowed to proceed *in forma pauperis* in three prior civil actions filed in this court while he was incarcerated. All three cases were dismissed either as frivolous or for failure to

---

[1] To the extent plaintiff seeks release from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Maldonado v. Anderson*, No. 4-03-CV-0089-Y, 2003 WL 21212620 at *2 (N.D. Tex. May 13, 2003).

state a claim. *See Wafer v. Hill*, No. 3-07-CV-1647-N (N.D. Tex. Oct. 24, 2007), *rec. adopted*, (N.D. Tex. Dec. 20, 2007) (dismissed for failure to state a claim); *Wafer v. Thompson*, No. 3-07-CV-1143-P, 2007 WL 4226358 (N.D. Tex. Nov. 30, 2007) (dismissed as frivolous); *Wafer v. Cox*, No. 3-07-CV-0891-D, 2007 WL 4165748 (N.D. Tex. Nov. 20, 2007) (dismissed as frivolous).[2] Because plaintiff makes no showing that he is "under imminent danger of serious physical injury," he should not be permitted to maintain this action without paying the statutory filing fee.

## **RECOMMENDATION**

Plaintiff's application to proceed *in forma pauperis* should be denied. Plaintiff should be ordered to pay the $350.00 statutory filing fee within 20 days after this recommendation is adopted by the district judge. If he fails to do so, the case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] Another case against two of the defendants named in the instant complaint was dismissed when plaintiff failed to pay the filing fee after the court determined he had sufficient funds to do so. *See Wafer v. Thompson*, No. 3-07-CV-1906-B (N.D. Tex. Feb. 19, 2008).

DATED:  September 14, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE